IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAAL RUSS, ANESSA
WALKER, and CHRISTI
GRANT, Individually and on
behalf of all others similarly               Civil Action File No.
situated,

Plaintiffs,

vs.

I & I PIZZA OF ATLANTA,
INC. d/b/a Sarpino's Pizzeria
and IHAR DZIATKO,

Defendants.

---

## COMPLAINT

---

Plaintiffs Jamaal Russ ("Russ"), Anessa Walker ("Walker") and Christi Grant ("Grant") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against Defendant I & I Pizza of Atlanta, Inc. d/b/a Sarpino's Pizzeria ("I & I") and Ihar Dziatko ("Dziatko") (collectively "Defendants"), and show the Court as follows:

## A.    Introduction

### 1.

This is an FLSA minimum wage and overtime case.  Russ, Walker and Grant are former employees who drove their own automobiles to deliver pizza and other food items to Defendants' customers. Defendants misclassified Plaintiffs as independent contractors and failed to reimburse Plaintiffs for any costs of operating their vehicles during these deliveries. Because Plaintiffs' automobile and mileage costs were substantial, they brought Plaintiffs' actual regular rate below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here the mileage costs—reimburses their employer.  In addition, Plaintiffs regularly worked more than forty hours in a given work week and were never paid the required premium for those overtime hours as required by the FLSA.

### 2.

Plaintiffs ask this Court to certify a class of similarly situated employees, to wit: Employees of I & I who—in the three years prior to the date this action was filed ("the Relevant Time Period") and who consent in writing to their inclusion in a collective action—were not paid the FLSA required overtime premium or whose compensation fell below the required minimum wage because of the automobile or mileage costs incurred by the employees for the benefit of the Defendants.

3.

Russ' Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

4.

Walker's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B".

5.

Grant's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "C".

## B.    Jurisdiction and Venue

6.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

7.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because I & I's principal place of business is located in this judicial district.

## C.    The Parties

8.

Russ resides in Fulton County, Georgia.

9.

Defendants employed Russ as a delivery driver in and around Atlanta, Georgia from approximately April 2015 until approximately early-May 2016.

10.

During the Relevant Time Period, Defendants compensated Russ for such work through the payment of an hourly wage.

11.

Walker resides in Pulaski County, Georgia.

12.

Defendants employed Walker as a delivery driver in and around Atlanta, Georgia from approximately mid-September 2015 through May 2016.

13.

Walker also performed additional duties for Defendants as directed from approximately September 2015 through May 2016 including, but not limited to, folding pizza boxes, washing dishes, taking orders from customers, stocking coolers, and prep work.

14.

During the Relevant Time Period, Defendants compensated Walker for such work through the payment of an hourly wage.

15.

Grant resides in DeKalb County, Georgia.

16.

Defendants employed Grant as a delivery driver in and around Atlanta, Georgia from approximately November 26, 2014 through March 18, 2015.

17.

Defendants employed Grant as a delivery driver in and around Atlanta, Georgia from approximately September 10, 2015 through May 2016.

18.

At all times material hereto, Defendants compensated Grant for her work as a delivery driver through the payment of an hourly wage.

19.

I & I is a corporation organized under the laws of the State of Georgia

20.

I & I can be served via its registered agent Ihar Dziatko at 1156 Ponce De Leon, Atlanta, Georgia 30366.

21.

I & I is subject to the personal jurisdiction of this Court.

22.

Dziatko is a resident of Fulton County, Georgia.

23.

Dziatko is subject to the personal jurisdiction of this Court.

24.

Dziatko is the CFO, CEO, Secretary and Registered Agent for Service of Process for I & I.

25.

Dziatko can be served with process at his residence located at 1156 Ponce De Leon, Atlanta, Georgia 30366 or wherever he can be found.

**D.    Enterprise Coverage**

26.

At all times material hereto, I & I was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

27.

During 2014, I & I had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, I & I had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, I & I had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During 2017, I & I had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, Plaintiffs and other employees of I & I utilized and handled goods which moved in interstate commerce in the furtherance of the commercial purpose of I & I including food, food packaging materials, vehicles, gasoline, engine oil and cell phones.

32.

During 2014, I & I had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2015, I & I had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2016, I & I had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

During 2017, I & I had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2014, I & I had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2015, I & I had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2016, I & I had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

During 2017, I & I had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

At all times material hereto, I & I has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**E.    Employer / Employee Relationship**

41.

At all times material hereto, I & I was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

42.

At all times material hereto, Plaintiffs were "employees" of I & I as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

At all times material hereto, Dziatko exercised operational control over the work activities of Plaintiffs.

44.

At all times material hereto, Dziatko was involved in the day to day operation of I & I.

45.

At all times material hereto, I & I vested Dziatko with supervisory authority over Plaintiffs.

46.

At all times material hereto, Dziatko exercised supervisory authority over Plaintiffs.

47.

At all times material hereto, Dziatko scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

48.

At all times material hereto, Dziatko exercised authority and supervision over Plaintiffs' compensation.

49.

At all times material hereto, Dziatko was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

50.

At all times during the Relevant Time Period, Defendants' managers exercised supervisory authority over Plaintiffs.

51.

At all times during the Relevant Time Period, Defendants exercised the authority to impose discipline upon its employees, including warnings, suspensions, and terminations.

52.

At all times during the Relevant Time Period, Defendants paid all costs associated with advertising, marketing, and promoting Defendants' business.

53.

At all times material hereto, the work performed by Plaintiffs was integral to I & I's business purpose (*i.e.*, a restaurant).

54.

At all times material hereto, Plaintiffs did not invest in I & I's business such that they shared any significant risk of loss.

55.

At all times material hereto, Plaintiffs did not utilize any special skills in the course of their work for I & I.

56.

At all times material hereto, Plaintiffs did not exercise independent business judgment in the course of their work for I & I.

57.

At all times material hereto, I & I exercised significant, if not total control over the amount of Plaintiffs' pay.

58.

At all times material hereto, I & I exercised significant, if not total control over Plaintiffs' work hours.

59.

At all times material hereto, I & I exercised significant control over how each Plaintiffs' work was performed.

60.

Plaintiffs did not solicit customers themselves, and all Plaintiffs' efforts were directed at serving the customers of Defendants.

61.

At all times during the Relevant Time Period, as a matter of economic reality Plaintiffs were "employees" as that term is used in the FLSA, rather than independent contractors.

62.

At all times during the Relevant Time Period, Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

**F.    Lack of Exemption**

63.

At all times material hereto, Plaintiffs were paid on an hourly basis.

64.

I & I did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

65.

At all times material hereto, I & I did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

66.

At all times material hereto, I & I did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

67.

At all times material hereto, I & I did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

68.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

69.

At all times material hereto, Plaintiffs were not exempt from the maximum hours requirements of the FLSA by reason of any exemption.

## G.    Plaintiffs' Pay and Work Hours

70.

From approximately April 2015 through August 2015, Defendants compensated Russ at an hourly rate of $7.25 per hour.

71.

From approximately September 2015 until May 2016, Defendants compensated Russ at an hourly rate of $8.50 per hour.

72.

At all times material hereto, Russ regularly worked for Defendants approximately 8-10 hours each work day.

73.

At all times material hereto, Russ regularly worked for Defendants 6 days during each work week.

74.

At all times material hereto, Defendants compensated Walker at an hourly rate of $7.25 per hour.

75.

At all times material hereto, Walker regularly worked for Defendants approximately 8-10 hours each work day.

76.

At all times material hereto, Walker regularly worked for Defendants 6 days during each work week.

77.

From November 26, 2014 through September 2015, Defendants compensated Grant at an hourly rate of $6.50 per hour for her work as a delivery driver.

78.

From October 2015 through January 2016, Defendants compensated Grant at an hourly rate of $7.50 per hour for her work as a delivery driver.

79.

From February 2016 through May 2016, Defendants compensated Grant at an hourly rate of $8.00 for her work as a delivery driver.

80.

At all times material hereto, Grant regularly worked approximately 7-10 hours each work day.

81.

At all times material hereto, Grant regularly worked 6 days each work week when she was scheduled to work as a delivery driver.

82.

From approximately April 18, 2015 through early-May, 2015, Grant regularly worked 2 days each work week when she was scheduled to work as a cashier.

## H.    Additional Minimum Wage Factual Allegations

83.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a minimum rate of $7.25 per hour.

84.

At all times material hereto, I&I requires it delivery drivers to maintain and pay for safe, legally-operable, and insure vehicles when delivering pizza and food items.

85.

I&I delivered within a fifteen mile radius of the store.

86.

At all times material hereto, Plaintiffs used their own automobiles to deliver pizza and other food items to I&I's customers.

87.

As a result of using their own automobiles for I&I's delivery service, Plaintiffs incurred expenses for gasoline, insurance, depreciation of their vehicle's value, and other expenses related to the operation of their vehicle (collectively referred to as "Mileage Expenses").

88.

At all times material hereto, the IRS business mileage reimbursement rate ranged between $.555 and $.575 per mile.

89.

Because of the nature of deliver, Plaintiffs likely incurred greater costs than the IRS reimbursement rate because of the nature of the delivery business including

frequent starting and stopping of the engine, frequent braking, shorter routes as opposed to highway driving, and driving under time pressures.

90.

At all times material hereto, I&I did not reimburse Plaintiffs for any Mileage Expenses.

91.

At all times material hereto, Defendants did not charge their customers service charges meant to reimburse Plaintiffs for any Mileage Expenses.

92.

Under 29 C.F.R. § 531.35, "the wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

93.

A "kickback" specifically occurs when the costs of tools required for the performance of the employee's particular work "cuts into the minimum or over time wages required to be paid under the Act." See 29 C.F.R. § 778.217(a).

94.

The Mileage Expenses incurred by Plaintiffs are illegal kickbacks and violate the FSLA in that Plaintiffs do not earn the required minimum wage in "free and clear" compensation.

95.

At all times material hereto, Plaintiffs incurred unreimbursed Mileage Expenses sufficient to cause their effective hourly rate to fall below the statutory minimum wage of $7.25 per hour.

## I. Additional Overtime Factual Allegations

96.

Section 7 of the FLSA (29 U.S.C. § 207) requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent a rate of one-and-one-half times their regular rate for all time worked in excess of forty (40) hours in a work week.

97.

At all times material hereto, Plaintiffs regularly worked more than forty (40) hours per work week.

98.

Plaintiffs were paid their regular hourly wage for all hours worked.

99.

At all times material hereto, Plaintiffs were not paid an overtime premium for overtime hours.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

### 100.

The allegations in paragraphs 1-99 are incorporated by reference as if fully set out herein.

### 101.

At all times material hereto, Plaintiffs and the members of the collective they seek to represent have been employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 102.

During the Relevant Time Period, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

### 103.

During the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

### 104.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to payment of

minimum wages in an amount to be determined at trial, in accordance with FLSA §

16(b), 29 U.S.C. § 216(b).

105.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs

and the members of the collective they seek to represent are entitled to liquidated

damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and

injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and

expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

106.

The allegations in paragraphs 1-99 are incorporated by reference as if fully set

out herein.

107.

At all times material hereto, Plaintiffs and the members of the collective they

seek to represent were employees covered by the FLSA and entitled to the

overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

108.

Plaintiffs and the members of the collective they seek to represent regularly

worked for Defendants in excess of forty (40) hours during each week.

109.

At all times material hereto, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular hourly rate for time worked in excess of 40 hours in any week.

110.

At all times material hereto, Defendants willfully failed to Plaintiffs and the members of the collective they seek to represent at one and one half times their regular hourly rate for work in excess of forty (40) hours in any week.

111.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

113.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – COLLECTIVE ACTION ALLEGATIONS

### 114.

The allegations in paragraphs 1-99 are incorporated by reference as if fully set out herein.

### 115.

At all times during the three years prior to the filing of this Complaint, Defendants violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent.

### 116.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs.

### 117.

All delivery drivers who have worked for Defendants within the three years prior to the filing of this action and who were not paid the statutory minimum wage after taking into account unreimbursed Mileage Expenses and who were not paid an over time premium are "similarly situated". within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

118.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq*. to all individuals similarly situated to Plaintiffs for unpaid minimum wages, overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

119.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as all Employees of I & I who—in the three years prior to the date this action was filed ("the Relevant Time Period") and who consent in writing to their inclusion in a collective action—were not paid the FLSA required overtime premium or whose compensation fell below the required minimum wage because of the automobile or mileage costs incurred by the employees for the benefit of the Defendants.

120.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

121.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiffs respectfully pray:

a. That Plaintiffs and the members of the collective they seek to represent be awarded amounts to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages under the FLSA, plus additional like amounts in liquidated damages;

b. That Plaintiffs and the members of the collective they seek to represent be awarded an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid overtime wages under the FLSA, plus additional like amounts in liquidated damages;

c. That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

d. That Plaintiffs be awarded their costs of litigation, including reasonable attorney's fees from Defendants;

e. That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

f. That the Court award all such individuals who "opt in" to this lawsuit their unpaid minimum wages, overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from Defendants;

g. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

Counsel for Plaintiffs